**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 05-87-C**

**VITRAMAX GROUP, INC.,**                                                                 **PLAINTIFF,**

**V.**                                        **MEMORANDUM OPINION AND ORDER**

**ROADWAY EXPRESS, INC.,**                                                        **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the motion of the defendant, Roadway Express, Inc., to dismiss this case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).   The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion in part and deny it in part.

**A.      FACTUAL BACKGROUND**

The plaintiff, Vitramax Group, Inc., filed this action in the Jefferson Circuit Court asserting state law claims of fraud, breach of contract, and negligence.  The defendant removed this action to this court on the basis of complete preemption of the plaintiff's claims by the Carmack Amendment, 49 U.S.C. § 11707.  The defendant moved to dismiss the plaintiff's claims on the grounds of such preemption and that the plaintiff failed to sufficiently allege a prima facie case of violation of the Carmack Amendment. In response, the plaintiff argues that the Carmack Amendment is inapplicable because the contract between the parties was acquired by the defendant only by fraudulent misrepresentation to the plaintiff.  Alternatively, if the Carmack Amendment preempts

the state law claims, the plaintiff argues, it has successfully stated a prima facie case under the Amendment, making dismissal for failure to state a claim inappropriate.

**B.   LEGAL STANDARD**

A dismissal under Rule 12(b)(6) can be granted only when the movant establishes beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must consider the pleadings in the light most favorable to the plaintiff and the factual allegations in the complaint must be taken as true.  *Jones v. Carlisle*, 3 F.3d 945, 947 (1993).

**C.   ANALYSIS**

**1.   Preemption by the Carmack Amendment**

The plaintiff's common law claims for negligence, breach of contract, and fraud are preempted by the Carmack Amendment.   Congress enacted the Carmack Amendment to create a national policy regarding an interstate carrier's liability for property loss. *See New York, New Haven & Hartford RR Co. v. Nothnagle*, 346 U.S. 128 (1953).  The Carmack Amendment covers all claims that involve the interstate transportation of goods and damages to those goods.  "The Carmack Amendment preempts state and common law claims and remedies for cargo damaged in interstate transport." *Jackson v. Brook Ledge, Inc.*, 991 F.Supp. 640, 643 (E.D. Ky. 1997) citing *W.D. Lawson & Co. v. Penn. Central Co.*, 456 F.2d 419, 421 (6th Cir. 1972). Here, the Carmack Amendment applies because the plaintiff's claims involve the

2

interstate shipment of three crates of goods, glass panels, from Louisville, Kentucky to Greenwood, Arkansas.

The plaintiff's common law claims of negligence and breach of contract must be dismissed because they fall squarely within the ambit of the Carmack Amendment. *Jackson*, 991 F.Supp. at 643. The plaintiff's fraud claim, however, requires further consideration. The plaintiff argues the contract between the parties was based on the defendant's fraudulent misrepresentations that occurred before the issuance of the Bill of Lading and the placement of the shipment into interstate commerce. As a result, the plaintiff argues that the parties' agreement, which is the basis for the Carmack Amendment's application, is void and the claim should not be preempted. The court disagrees. The court in *American Eye Way, Inc. v. Roadway Package System, Inc.*, 875 F.Supp. 820 (S.D. Fla. 1995), considered this issue and adopted the reasoning of Judge Gonzalez in *United Van Lines, Inc. v. Shooster*, 860 F.Supp. 826 (S.D. Fla. 1992), over the holding in *Sokhos v. Mayflower Transit, Inc.*, 691 F.Supp. 1578 (D. Mass. 1988). In *American Eye Way*, the court noted that the view in *Sokhos*, that claims predicated on mistake or fraud in connection with the formation of a shipping contract are not preempted by the Carmack Amendment, is the extreme minority view. *American Eye Way*, 875 F.Supp. at 820. In *Shooster*, the court found that "the Amendment preempts virtually any state law claim" including a claim of fraud. *Shooster*, 860 F.Supp. 828. There is nothing in the Amendment to indicate that Congress intended to limit its application. On the contrary, Congress was clear that

3

it intended to make the Carmack Amendment supreme and exclusive, superseding all state laws.  *Adams Express Co. v. Croninger*, 226 U.S. 491 (1913).  Thus, the plaintiff's fraud claim is superseded by the Carmack Amendment and must be dismissed.

**2.**     **Prima Facie Case Under the Carmack Amendment**

The defendant argues that the plaintiff failed to state a claim for relief under the Carmack Amendment.  To state a prima facie case, a plaintiff must allege that: (1) the goods were delivered to the carrier in good condition; (2) the goods arrived at the destination in a damaged condition; and (3) a specific monetary loss resulted from the damage.  *Camar Corp. v. Preston Trucking Co., Inc.*, 221 F.3d 271, 274 (1st Cir. 2000).  The plaintiff asserts that, at a minimum, its complaint contains enough information to show that it is entitled to relief.  Moreover, the plaintiff argues that the complaint specifically sets forth two of the elements of a prima facie case – damage to goods caused by the defendant's negligence and resulting compensatory damages.  The third element – that the merchandise was in good condition when it was delivered to the carrier – is demonstrated by the Bill of Lading.  Alternatively, the plaintiff requests that this court permit it leave to file an amended complaint specifically setting forth a claim under the Carmack Amendment.

A plaintiff is not required to specifically allege that it is claiming relief under the Carmack Amendment.  Instead, the Federal Rules of Civil Procedure require only that a plaintiff's complaint contain "a short and plain statement of the claim showing that

4

the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).  Here, the plaintiff's complaint meets this requirement.  The plaintiff alleges that it contracted with the defendant to ship goods to Arkansas, that it delivered the goods to the defendant, and that the goods were damaged when they arrived in Arkansas.  The plaintiff also states the value of the goods in its complaint.   While the complaint does not specifically allege that the goods were in good condition when they were delivered to the defendant for shipping, the Bill of Lading, which is attached as an exhibit to the complaint, contains a provision stating that they were so delivered.  Although a Bill of Lading may not be sufficient to prove conclusively that the goods were delivered in good condition, the plaintiff need only allege that the goods were delivered in good condition to withstand a Rule 12(b)(6) motion. *Accura Systems, Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874 (5th Cir. 1996) (bill of lading is prima facie evidence of delivery in good condition, but bill of lading with "apparent good order" clause is evidence only to those portions of shipment visible and open to inspection).  The Bill of Lading is sufficient to meet this requirement.  Taking all the allegations in the complaint as true, the plaintiff sufficiently alleges a claim for relief under the Carmack Amendment.  Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (DE 4) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is granted with regard to plaintiff's claims for negligence, breach of contract, and fraud, and those claims are **DISMISSED WITH PREJUDICE** as preempted by the Carmack Amendment.  The defendant's motion is

5

**DENIED** with regard to plaintiff's claim for relief under the Carmack Amendment.

Signed on  May 3, 2005

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**

6